VICTOR DRAKE, JR.,

                  Plaintiff,

v.                                                  Case No. 24-cv-249-pp

TOMMY R. ONJUKKA,

                  Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 6) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Victor Drake, Jr., who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant delayed necessary dental care. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 6, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 6)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On May 21, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $4.64. Dkt. No. 14. The court received that fee on June 11, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The complaint names Tommy R. Onjukka as the only defendant. Dkt. No. 1 at 1. The complaint says that at the time of the events described in the complaint, Onjukka was an employee of the Wisconsin Department of Corrections, but it does not state his position. Id. at ¶7.[1] The plaintiff sues him in his individual and official capacities. Id. at ¶8.

---

[1] The plaintiff appears to have meant to explain what the defendant did for the DOC; the sentence says, "At all times relative to the claims made hereafter, the defendant was an employee of the WDOC and worked as the . . . ." Dkt. No. 1 at ¶7. The plaintiff appears to have neglected to complete the sentence.

The complaint alleges that on August 11, 2023, the plaintiff filed a dental services request at Green Bay asking to be seen for a chipped and loose tooth that caused him pain and made it difficult to eat and sleep.[2] Id. at ¶9. The dental services office responded that staff had scheduled an appointment, and the plaintiff "was placed on an essential waiting list" on August 28, 2023. Id. at ¶¶10–11. The plaintiff says that "the max wait time" for those on the essential waiting list is eight weeks. Id. at ¶12.

On January 2, 2024, the plaintiff "was seen by dental services and a tooth extraction was performed." Id. ¶13. He says this was eighteen weeks after he was placed on the essential waiting list, ten weeks beyond the maximum waiting time. Id. at ¶¶13–14. He alleges that the extended wait caused him "prolonged excruciating and unbearable oral pain" and violated his rights under the Eighth Amendment. Id. at ¶¶15, 19. The plaintiff asserts that he "has been and will continue to be irreparably injured by the acts and/or omissions of the defendant unless this court grants the relief sought." Id. at ¶21.

The plaintiff seeks declaratory judgment and a permanent injunction ordering the defendant "to implement procedures ensuring that persons placed on essential waiting lists for dental and other medical reasons are treated within the eight week timeframe set forth and mandated by WDOC policy." Id. at ¶22. He also seeks compensatory and punitive damages. Id.

---

[2] The plaintiff submitted declarations from two cellmates who aver that the plaintiff regularly awoke during the night because of pain from his tooth. Dkt. Nos. 2, 3.

C.  <u>Analysis</u>

The court reviews claims regarding the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). Not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." <u>Id.</u> at 105. To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." <u>Petties v. Carter</u>, 836 F.3d 722, 728 (7th Cir. 2016) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." <u>Farmer</u>, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an incarcerated person's health or safety and disregards that risk. <u>Id.</u> at 837; <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015).

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." <u>Arnett v. Webster</u>, 658 F.3d 742, 753 (7th Cir. 2011) (citing <u>McGowan v. Hulick</u>, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "depends on the seriousness of the condition and the ease of providing treatment." <u>Id.</u> (quoting <u>McGowan</u>, 612 F.3d at 640).

The plaintiff alleges that he asked to be seen for his chipped and loose tooth, and dental staff placed him on the essential waiting list for treatment on August 28, 2023. He was not seen until January 2, 2024—more than eighteen weeks later. He says this violated institutional policies setting a maximum wait time of eight weeks for persons on the essential waiting list and violated his right to adequate dental care under the Eighth Amendment. The plaintiff's allegations may satisfy the objective component of an Eighth Amendment claim. See Petties, 836 F.3d at 730 (citing Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008)) (observing that evidence of inexplicable delay in proving medical treatment may support an Eighth Amendment claim).

But the allegations in the complaint do not satisfy the subjective component. The complaint says nothing about defendant Onjukka other than that he works at Green Bay. It alleges that the plaintiff "was placed" on the essential waiting list (but does not say by whom) and, in January 2024, "was seen by dental services" (but does not say by whom). The complaint does not identify Onjukka's title, describe his job or explain how he was involved in the plaintiff's delayed dental treatment, if at all. Onjukka's name appears in exhibits that the plaintiff attached to his complaint. Dkt. No. 1-1 at 3–6. Those exhibits suggest that Onjukka is a dentist at Green Bay, and that he is the person who eventually treated the plaintiff in January 2024. Id. But the *complaint* does not refer to these exhibits or explain what they show. Nor does the complaint allege that Onjukka is personally responsible for the delay in treatment or that he provided inadequate treatment. It alleges only that there

6
Case 2:24-cv-00249-PP   Filed 07/08/24   Page 6 of 11   Document 15

was a delay, and that "dental services" eventually extracted the plaintiff's tooth. Perhaps Green Bay's dental office is exceedingly busy, and Onjukka is its only dentist. Perhaps support staff caused the delay, and Onjukka was unaware of the plaintiff's need for treatment until weeks or months after the plaintiff was placed on the waitlist. The complaint does not allege any of this and does not provide any information that would support Eighth Amendment liability against Onjukka. See Colbert v. City of Chicago, 851 F.3d 649, 657 (7th Cir. 2017) (noting that to establish liability under §1983, "[t]he plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct").

To the extent the plaintiff seeks to proceed on allegations that the delay in his treatment violated Department of Corrections policy, he does not state a claim. Section 1983 protects against constitutional violations; it does not protect against violations of prison regulations or policies. Estate of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017); see Hunter v. Mueske, 73 F.4th 561, 567 & n.1 (7th Cir. 2023) (rejecting argument that violation of prison policy, on its own, violated Eighth Amendment).

The complaint does not state a claim under §1983. But it is possible that the plaintiff might be able to state a federal claim if he provided additional detail. The court will give the plaintiff an opportunity to amend his complaint to correct the deficiencies noted and better explain the claims in his complaint.

When writing his amended complaint, the plaintiff should give the court enough facts to answer the following questions: 1) Who violated his

constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to give the court and each defendant notice of what each defendant allegedly did or did not do to violate the plaintiff's rights. The plaintiff does not need to attach exhibits to his amended complaint, but if he does attach exhibits, he should refer to them in the complaint and explain in the complaint what they show.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form to prepare his amended complaint. He must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendant he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

The court has recounted that the plaintiff seeks declaratory and injunctive relief in addition to damages. But "under § 1983, declaratory or

injunctive relief is only proper if there is a continuing violation of federal law." Kress v. CCA of Tenn., LLC, 694 F.3d 890, 894 (7th Cir. 2012) (citing Green v. Mansour, 474 U.S. 64, 73 (1985)). The complaint does not allege an ongoing violation of the plaintiff's rights; it says that dental staff extracted the plaintiff's painful tooth on January 2, 2024. That means that even if the files an amended complaint that complies with the instructions in this order, he may seek only damages and may not seek declaratory or injunctive relief.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **August 9, 2024**. If the plaintiff files an amended complaint in time for the court to *receive* it by the end of the day on August 9, 2024, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive from the plaintiff an amended complaint by the end of the day on August 9, 2024, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$345.36** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

---

[3] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include with this order a guide prepared by court staff to address common questions that arise in cases filed by incarcerated persons. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 8th day of July, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**