UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VICTOR DRAKE, JR.,

                Plaintiff,

v.                                         Case No. 24-cv-249-pp

TOMMY R. ONJUKKA,

                Defendant.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 19) UNDER 28 U.S.C. §1915A**

On July 8, 2024, the court screened plaintiff Victor Drake, Jr.'s *pro se* complaint under 42 U.S.C. §1983 and determined that it did not state a claim. Dkt. No. 15. The court explained that although the allegations in the complaint "may satisfy the objective component of an Eighth Amendment claim," they did not satisfy the subjective component because the complaint did "not provide any information that would support Eighth Amendment liability against" the defendant. Id. at 6–7. The court allowed the plaintiff to file an amended complaint "to correct the deficiencies noted and better explain the claims in his complaint." Id. at 7. On September 19, 2024, the court received the plaintiff's amended complaint. Dkt. No. 19. This decision screens the amended complaint.

I.     **Screening the Amended Complaint**

    A.     <u>Federal Screening Standard</u>

As the court explained in its July 8, 2024 order, the court must screen complaints brought by incarcerated persons seeking relief from a governmental

1

entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d

824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The amended complaint, like the original, names Tommy R. Onjukka as the only defendant. Dkt. No. 19 at 1–2. The amended complaint says that Onjukka was the lead dentist at Green Bay Correctional Institution. Id. at 2.

The amended complaint alleges that on August 11, 2023, the plaintiff filed a dental services request at Green Bay asking to be seen for a chipped and loose tooth that caused him pain and made it difficult to eat and sleep. Id. at ¶1. On August 14, 2023, dental services acknowledged his request and responded "that a future appointment was or would be scheduled." Id. at ¶2. The plaintiff attached to his amended complaint a copy of his August 11, 2023, request and the response. Dkt. No. 19-2 at 4.

The plaintiff alleges that on August 28, 2023, dental services placed him "on the essential wait list." Dkt. No. 19 at ¶3; Dkt. No. 19-2 at 5. The plaintiff says that "the max wait time" for those on the essential waitlist "should not exceed eight weeks." Dkt. No. 19 at ¶4. He explains that while he was on the essential waitlist, he continued to write to dental services. Id. at ¶5. He alleges that Onjukka "addressed each of those request[s]." Id. at ¶6. He cites exhibits attached to his amended complaint showing that he filed dental service requests in September through December 2023. Dkt. No. 19-2 at 6–8. Onjukka

3

is listed as the plaintiff's provider, and the exhibits show the plaintiff's requests were "received." Id. These exhibits do not show whether or how Onjukka "addressed" the requests, as the plaintiff alleges.

The plaintiff alleges that on December 12, 2023, he filed an institutional complaint "about not being seen within the eight week timeframe." Dkt. No. 19 at ¶7. He attached a copy of the institutional complaint examiner's office report, which shows a December 12, 2023 receipt date for the plaintiff's complaint. Dkt. No. 19-2 at 1–3. The plaintiff's institutional complaint is not included in these exhibits.

The plaintiff alleges that on January 2, 2024, he "was seen by dental services and the defendant and a tooth extraction was performed." Dkt. No. 19 at ¶8. He says this was eighteen weeks after he was placed on the essential waitlist, ten weeks beyond the maximum waiting time. Id. He says the "ten week delay in rec[ei]ving dental care forced him to have to endure prolonged excruciation [*sic*] and unbearable oral pain." Id. at ¶9. He recounts that on January 11, 2024, the reviewing authority affirmed his institutional complaint about his delayed dental treatment. Id. at ¶10; Dkt. No. 19-2 at 3.

The plaintiff asserts that the delay in his receiving dental care "constitutes deliberate indifference to a serious medical need and amounted to cruel and unusual punishment in violation of the eighth amendment." Dkt. No. 19 at ¶12. He seeks compensatory and punitive damages totaling $300,000. Id. at 5.

C. <u>Analysis</u>

As the court explained in the July 8, 2024 order, the court reviews the plaintiff's allegations that he was denied dental treatment under the Eighth Amendment, which prohibits cruel and unusual punishments. Dkt. No. 15 at 5 (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104–05 (1976)). An Eighth Amendment claim consists of both objective and subjective components. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendant was "deliberately indifferent to that condition." <u>Petties v. Carter</u>, 836 F.3d 722, 728 (7th Cir. 2016) (citing <u>Farmer</u>, 511 U.S. at 834). A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an incarcerated person's health or safety and disregards that risk. <u>Farmer</u>, 511 U.S. at 837; <u>Perez</u>, 792 F.3d at 776. The court previously explained that a delay in treating painful but non-life-threatening conditions "'may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.'" Dkt. No. 15 at 5 (quoting <u>Arnett v. Webster</u>, 658 F.3d 742, 753 (7th Cir. 2011) (citing <u>McGowan v. Hulick</u>, 612 F.3d 636, 640 (7th Cir. 2010)).

The amended complaint, like the original, alleges that on August 11, 2023, the plaintiff asked to be seen for his chipped and loose tooth, and dental staff placed him on the essential waitlist for treatment about two weeks later. Although the maximum wait time for a patient on the essential waitlist is eight weeks, the plaintiff was not seen for *eighteen* weeks—not until January 2,

2024. For the same reasons the court explained in the previous order, the court finds that these allegations are sufficient to satisfy the objective component of an Eighth Amendment claim. See Dkt. No. 15 at 6 (citing Petties, 836 F.3d at 730; and Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008)).

During these eighteen weeks, the plaintiff sent multiple requests to the dental services office, where Onjukka was his provider. The exhibits the plaintiff attached to the amended complaint show that the dental services office received his requests, though those exhibits do not show whether the office responded. The plaintiff also filed an institutional complaint, which the complaint examiner's office affirmed because the plaintiff did not receive dental treatment for eighteen weeks. Although the plaintiff's exhibits do not confirm that Onjukka personally saw the plaintiff's requests for dental treatment and caused the delay, the court can infer from the exhibits and the allegations in the amended complaint that he was at least aware of the plaintiff's requests and extended wait time but did not provide prompt dental treatment. The court finds these amended allegations sufficient to satisfy the subjective component of an Eight Amendment claim. The court will allow the plaintiff to proceed on this claim against Onjukka for damages.

## II. Conclusion

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the amended complaint and this order to the Wisconsin Department of Justice for

6

Case 2:24-cv-00249-PP    Filed 10/17/24    Page 6 of 7    Document 20

service on defendant Tommy R. Onjukka. Under the informal service agreement, the court **ORDERS** the defendant to respond to the amended complaint within sixty (60) days.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court reminds the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. It is the plaintiff's responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 17th day of October, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

7

Case 2:24-cv-00249-PP   Filed 10/17/24   Page 7 of 7   Document 20