UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────────────────────

VICTOR DRAKE, JR.,

                      Plaintiff,

    v.                                                                                   Case No. 24-cv-249-pp

TOMMY R. ONJUKKA,

                      Defendant.

─────────────────────────────────────────────────────────────

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 27)**

─────────────────────────────────────────────────────────────

      Plaintiff Victor Drake, Jr. is proceeding on an Eighth Amendment claim against Dr. Tommy R. Onjukka at Green Bay Correctional Institution. On January 13, 2025, the court received the plaintiff's motion to appoint counsel. Dkt. No. 27. The plaintiff says that he is unable to afford counsel, his case involves complex claims and he has limited access to the law library at his institution and a limited knowledge of the law. Id. at 1. He says that he wrote to three attorneys asking them to represent him, but that he has not heard back from any of them. Id. He attached copies of letters he sent to those attorneys and return letters from two others who declined to take the plaintiff's case but did not comment on the merits of his claim. Dkt. No. 27-1.

      In an attached brief, the plaintiff elaborates on some of the reasons supporting his request for the court to appoint him counsel. Dkt. No. 28. He says that because his case involves the denial of medical treatment, he will likely need to present testimony from an expert witness. Id. at 1. He reiterates

that he "is locked up . . . and has no ability to investigate the facts." Id. at 2. He says that because he has no legal knowledge, he will have difficulty presenting his claim to the court or to a jury. Id. Finally, he says that his case has merit, which weighs in favor of the court appointing him counsel. Id. at 3.

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford counsel. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654– 55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and

2

Case 2:24-cv-00249-PP   Filed 05/13/25   Page 2 of 6   Document 31

when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first Pruitt inquiry. He lists three attorneys whom he contacted about representing him in this case, he included copies of the letters that he sent to those attorneys and he attached return letters from two other attorneys who declined to take his case. These efforts show that the

3

Case 2:24-cv-00249-PP    Filed 05/13/25    Page 3 of 6    Document 31

plaintiff has made a sufficient effort to obtain a lawyer on his own before asking for the court's assistance.

But the plaintiff has not satisfied the second <u>Pruitt</u> inquiry. The plaintiff says that he cannot afford counsel, his claim is complex and he has limited legal knowledge. Unfortunately, these obstacles are common for self-represented litigants, especially for persons who are incarcerated. The court is aware of the difficulty incarcerated persons face litigating cases on their own. But as the court explained above, the Constitution does not entitle the plaintiff to an attorney to represent him in a civil case like this one, and there are not enough attorneys willing and able to represent self-represented plaintiffs.

The plaintiff has not shown that he is one of those incarcerated persons most in need of legal assistance to present his claims adequately. The plaintiff's filings have been easy to read and to follow. He has shown a strong grasp of the material facts in his case and has shown no difficulty coherently presenting them to the court. This motion to appoint counsel is a good example of the plaintiff's abilities. The plaintiff listed the reasons why the court should grant his motion, provided a brief in support elaborating on those points with citations to authority and filed a declaration sworn under penalty of perjury reiterating his reasons why he believes he requires counsel's assistance. This detailed motion shows a high level of sophistication and suggests that the plaintiff can present his case to the court adequately without counsel's assistance. The plaintiff also has shown no difficulty following court

4

Case 2:24-cv-00249-PP    Filed 05/13/25    Page 4 of 6    Document 31

instructions to file an amended complaint detailing his claim and to notify the court when his address has changed.

The court also observes that since the plaintiff filed his motion to appoint counsel, he has been released from prison and has provided a new address in Milwaukee. Dkt. No. 30. That means the plaintiff no longer faces a scarcity of resources or a lack of available time in his institution's law library. He now has access through local libraries and community centers to online legal resources such as https://scholar.google.com/ and https://www.govinfo.gov/app/collection/uscourts, which permit searches of federal case law. He also may visit law libraries like the one at the Milwaukee federal courthouse, which are staffed by librarians who can assist the plaintiff in finding relevant materials. The plaintiff may also seek limited assistance from the EDWBA Federal Legal Assistance Program. He can start that process by completing the online form at https://edwba.org/form.php?form_id=15. The court also will enclose a flyer that identifies local free and low-cost legal aid providers that the plaintiff may contact. These available legal services provide ample resources to help him present his case.

Although the plaintiff may be correct that an attorney would be better suited to present his case to a jury at trial, there is no guarantee that this case will proceed to trial. This case is at an early stage, where the parties are exchanging information through discovery. The parties' deadline to compete discovery is May 27, 2025—two weeks from now—and the parties then may file motions for summary judgment. The plaintiff will need to present sufficient

evidence to defeat a potential motion for summary judgment, but the court will give him additional information about presenting his evidence if the case reaches that stage of litigation.

As this case progresses, the court will be flexible in giving the plaintiff reasonable additional time if he believes he needs it to litigate this lawsuit. The legal and factual issues may become too complex for the plaintiff, his circumstances may change or he may find himself unable to obtain the information he believes he needs to prove his claims. If that occurs, and if giving the plaintiff additional time does not help, it then may be appropriate for the court to try to recruit counsel to represent the plaintiff. But at this early stage of the proceedings, the court concludes that the plaintiff does not require the assistance of counsel to present his case adequately. The court will deny the plaintiff's motion to appoint counsel without prejudice. That means he may renew his request later if he still believes he needs counsel's assistance to litigate his case.

The court **ORDERS** that the plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**. Dkt. No. 27.

Dated in Milwaukee, Wisconsin this 13th day of May, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
